UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-0341-JDT-WTL |
| ) | |
| CLARIAN HEALTH PARTNERS, INC. ) | |
| EMPLOYEE BENEFIT PLAN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION TO RECONSIDER (Docket No. 43)**[1]

In the instant Motion to Reconsider (Docket No. 43), Defendant Clarian Health Partners, Inc. Employee Benefit Plan (the "Plan") requests that the court reconsider its December 12, 2005 Entry Denying Defendant's Motion to Remand for Failure to Exhaust Administrative Remedies (the "Entry"). The Plan contends that pursuant to Federal Rule of Civil Procedure 59(e), the court should reconsider its ruling allowing Plaintiff Elizabeth Stone's claims to proceed because, the Plan asserts, Ms. Stone failed to exhaust administrative remedies with regard to her long term disability ("LTD") claim as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Ms. Stone responded to the Motion to Reconsider on January 14, 2006, and the Plan filed a reply brief on January 24, 2006. The motion therefore is fully briefed and ripe for determination.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

**I.	BACKGROUND**

For a detailed statement of the facts of this case, the parties should refer to the Entry.

**II.	DISCUSSION**

In seeking reconsideration of the Entry, the Plan relies upon Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend judgments.  Rule 59(e) reads, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  As is clear from its text, this rule applies only to motions seeking relief from final judgments or orders.  Because the court has not entered a final judgment or order in this case at this time, Rule 59(e) is inapplicable here.  Indeed, no Federal Rule of Civil Procedure explicitly allows for the filing of motions to reconsider. However, the Seventh Circuit Court of Appeals has held that a motion to reconsider is appropriate when a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court."  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F. 2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F. R. D. 99, 101 (E.D. Va. 1983)).  "Such problems rarely arise and the motion to reconsider should be equally rare."  *Id.*

When reading the Plan's Motion to Reconsider, the court is reminded of the Yogi Berra saying "It's like deja vu all over again." In seeking reconsideration of the Entry, the Plan again contends that Ms. Stone filed her complaint before she exhausted her administrative remedies. Specifically, with regard to Ms. Stone's claim for LTD benefits, the Plan reasserts that "At the time Stone filed this action, she clearly had not exhausted administrative remedies with respect to the LTD claim, as [the plan administrator's] time to decide the claim under § 2560.503-1(f) had not expired and [the administrator] had not rendered a decision on the claim." (Mot. Recons. 1.)

The court agrees with the Plan's general statement that Ms. Stone filed the instant action on March 9, 2005, before exhausting her administrative remedies with regard to her LTD claim. However, this statement does not tell the whole story. As the court noted in its Entry, at the time it was filed, Ms. Stone's complaint asserted only one claim—that her application for short term disability ("STD") benefits had been denied improperly. The complaint did not make any reference to LTD benefits, nor did it assert a claim for such benefits. Presumably, this is because Ms. Stone had applied for LTD benefits only on February 24, 2005, and the Plan admittedly had not made a decision on that application at the time Ms. Stone filed her STD benefits claim with the court.

Ms. Stone did not assert a claim for LTD benefits before this court until June 9, 2005, when she sought to amend her complaint to add such a claim. And the amendment came long after the conclusion of the statutory period during which the Plan should have issued a decision on her application for LTD benefits. 29 C.F.R. § 2560.503-1 establishes the standards for the processing of ERISA disability benefit

applications. It requires that, in most circumstances, a plan administrator notify a claimant of a benefits denial within 45 days of the filing of an application:

> (3) Disability claims. In the case of a claim for disability benefits, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan. This period may be extended by the plan for up to 30 days, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision.

29 C.F.R. § 2560.503-1(f)(3). The purpose of this regulation is to avoid "pointless stalling" by plan administrators, as well as "the costs of delays." *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 635-36 (10th Cir. 2003) (requiring district court to complete de novo review of claimant's claim for benefits under ERISA because plan failed to issue a decision on the claim within the time specified in § 2560.503-1(f)(3)).

In this case, the Plan should have made a decision on Ms. Stone's application for LTD benefits not later than 45 days after February 24, 2005, or not later than April 10, 2005. The Plan admits that it did not make a decision within that time frame, and that it has not made a decision to this day. The Plan somewhat disingenuously suggests that § 2560.503-1(f)(3) allowed the Plan 105 days for evaluation of Ms. Stone's LTD claim. ("[The Plan] had a total 105 days, with extensions, in which to render a decision on the LTD claim." (Reply 3.)) This is not entirely correct. A plan initially has 45 days in which to make a determination on a claim, and may seek two 30 day extensions of that time.

However, in order to avail itself of an extension, a plan must "both determine[] that such an extension [is] necessary due to matters beyond the control of the plan and notif[y] the claimant, prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision." 29 C.F.R. § 2560.503-1(f)(3). In this case, there is no evidence that the Plan sought any extension of time to decide Ms. Stone's LTD claim. Indeed, the only statement regarding an extension comes not from the Plan, but from Ms. Stone, who states, "As of this date, . . . [the Plan has not] requested an extension of time to issue a determination." (Resp. 2-3.)

The court agrees with the Plan's assertion that under ERISA, a claimant must exhaust her administrative remedies as to a particular claim before filing that claim in court. Indeed, the Seventh Circuit Court of Appeals, as well as this court, has restated that position over and over again. *See Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 807-808 (7th Cir. 2000)*; Robyns v. Reliance Std. Life Ins. Co.*, 130 F.3d 1231, 1235 (7th Cir. 1997); *Powell v. AT&T Commc'ns., Inc.*, 938 F.2d 823, 825 (7th Cir. 1991); *Potter v. ICI Americas, Inc.*, 103 F. Supp. 2d 1062, 1065 (S.D. Ind. 1999). However, the decision to require exhaustion is a matter within the discretion of the trial court. *Ames v. Am. Nat'l Can Co.,* 170 F.3d 751, 756 (7th Cir.1999) ("The law of this Circuit remains that the decision to require exhaustion as a prerequisite to bringing a federal lawsuit is a matter within the discretion of the trial court and its decision will be reversed only if it is obviously in error."); *Alexander v. Lynch Corp.,* 1990 U.S. Dist. LEXIS 20232, *20-21 (S.D. Ind. May 15, 1990).

In exercising this discretion, this court finds that the requirement to exhaust administrative remedies applies to individual claims, and not entire actions, and therefore must not be construed as to prevent a claimant from pursuing relief as to one claim even though other claims had not yet been decided. *See* 29 C.F.R. § 2560.503-1(f)(3) (referring to a "claim for disability benefits" and a "benefit determination" as singular). To hold otherwise could leave a claimant without a remedy as to an exhausted claim until (or if) a plan makes a decision on all claims, which could occur months (or years) after the first claim had been exhausted. Or it could force a plan to wait until a court issues a decision on one exhausted claim before proceeding to evaluate any remaining, unexhausted claims, which also could take months (or years). Finally, such a ruling would run contrary to the goal of § 2560.503-1(f)(3), which has been described "in simple English" as "a meaningful dialogue between ERISA plan administrators and their beneficiaries. . . . There is nothing extraordinary about this: it's how civilized people communicate with each other regarding important matters." *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997) (Kozinski, J.).

The court has found no case that supports the Plan's assertion that "ERISA does not require an employee benefit plan to conduct administrative review of a claim at the same time it is defending itself in court." (Mot. 2.) Moreover, the cases the Plan cites, including *Stark v. PPM America, Inc.*, 354 F.3d 666 (7th Cir.2005) and *Hay Group, Inc. v. Bassick*, 2005 WL 2420415 (N.D. Ill., Sept. 29, 2005) are distinguishable from the instant action. *Stark* and *Bassick* deal with claimants who filed their claims for benefits

6

with the court before they had exhausted their administrative remedies as to those claims. Ms. Stone did not file any claim for LTD benefits with this court until approximately two months after the period of time for administrative review of that claim had ended pursuant to § 2560.503-1(f)(3). Moreover, both *Stark* and *Bassick* address the failure to exhaust administrative remedies as to one "claim" only. Neither case specifically addresses a situation involving exhaustion of multiple, and separate, claims for benefits, and when each claim may be filed.

In sum, the Plan has presented no new evidence or argument in support of reconsideration. Instead, it has chosen to reassert arguments that the court previously considered, and explicitly rejected. To think that the court would change its ruling on these arguments alone, without a showing of additional evidence, a mistake of fact or law or a controlling or significant change in the law is nonsensical. More importantly, it has caused the court to waste one of its most valuable judicial resources—time. *See Marquez v. New Century Mortg. Corp.,* 2004 U.S. Dist. LEXIS 14410, *6-7 (N.D. Ill. July 20, 2004) ("The court reminds plaintiffs' counsel that district court orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure, and that the undertaking of such a motion must be done with care and concern for judicial resources." (citation omitted)). If as much time had been devoted to the consideration of Ms. Stone's LTD benefits claim as has been to litigating this issue, it may not have been necessary for the court to take up this issue even once, let alone twice.

### III.   CONCLUSION

For the reasons stated above, the court **DENIES** Defendant's Motion to Reconsider Order Denying Defendant's Motion to Remand for Failure to Exhaust Administrative Remedies (Docket No. 43).

ALL OF WHICH IS ENTERED this 8th day of February 2006.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Renee J. Mortimer
Hinshaw & Culbertson
rmortimer@hinshawlaw.com

Bridget O'Ryan
boryan@indy.rr.com

Magistrate Judge William T. Lawrence